UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:                                                  Chapter 11

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,
                                                        Case No. 1:12-bk-10431-KSJ

      Debtor.

_____/

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

      Plaintiff,

    v.                                                  Adv. Pro. No. 1:13-ap-1006-KSJ

KIM B. BIRD and TONY L. PFAFF,

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL
JUDGMENT AGAINST DEFENDANTS KIM B. BIRD AND TONY L. PFAFF**

      Plaintiff, CYPRESS HEALTH SYSTEMS FLORIDA, INC., by and through its undersigned attorneys, respectfully moves this Court for entry of a default final judgment against Defendants, KIM B. BIRD and TONY L. PFAFF (together the "**Defendants**")[1], and in support therefore states as follows:

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Complaint filed in the above-referenced Adversary Proceeding.

1.      On May 20, 2013, the Plaintiff served the Summons and Complaint on the Defendants by regular first class, U.S. Mail, postage prepaid pursuant to Bankruptcy Rule 7004.

2.      The deadline for the Defendants to file and serve a response to the Complaint was June 19, 2013.

3.      As neither the Plaintiff nor its undersigned counsel had received any response to the Complaint and a review of the Court's docket reflected no such response having been filed by the Defendants, accordingly, on July 12, 2013, the Clerk of the Court entered its Clerk's Default against the Defendants [Doc. No. 15].

4.      As set forth in the Affidavit in Support of Motion for Default Final Judgment attached hereto as **Exhibit 1** and incorporated by reference, the Plaintiff is entitled to the relief requested in the Complaint as the Defendants have not filed or served any response pleading or other paper and the Defendants' silence as to the claims brought against them should be interpreted as admissions to the accuracy and correctness of the facts of the Complaint.

WHEREFORE, Plaintiff, CYPRESS HEALTH SYSTEMS FLORIDA, INC., respectfully requests this Court enter a final judgment, in the form attached hereto as **Exhibit 2**, against the Defendants stating that (i) the Second Mortgage is validly released, (ii) the Second Mortgage is avoided as a fraudulent transfer, (iii) any interests of claims under the Second Mortgage are avoided, (iv) any claim in the Real Property is disallowed in its entirety, (v) the Defendants do not have a valid, perfected lien in any of the personal property assets of the Debtor, (vi) any unperfected liens which may be asserted by the

Defendants are avoided, (vii) the sale under the Sale Motion and the Plan is free and clear of the Second Mortgage and any interest of the Defendants, and (viii) awarding any other relief as this Court deems just and proper under the circumstances.

DATED:  July 30, 2013

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 0129267
STICHTER, RIEDEL, BLAIN &
  PROSSER, P.A.
110 Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
ATTORNEYS FOR DEBTOR
eketchum@srbp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST DEFENDANTS KIM B. BIRD AND TONY L. PFAFF was furnished by CM/ECF or U.S. MAIL on the 30th day of **July, 2013** to:

Miriam G. Suarez, Esquire
Assistant United States Trustee
OFFICE OF UNITED STATES TRUSTEE
400 West Washington Street, Suite 1100
Orlando, Florida 32801

Kim Bird
4163 East 421 North
Rigby, Idaho 83442-5516

Tony Pfaff
791 Eastside Road
Deer Lodge, Montana 59722-9769

3

Tony Pfaff
c/o Eric N. McKay, Esquire
STUTSMAN THAMES & MARKEY, P.A.
50 North Laura Street – Suite 1600
Jacksonville, Florida 32202

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 0129267

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

     Debtor.

_____/

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

     Plaintiff,

    v.

KIM B. BIRD; and TONY L. PFAFF,

     Defendants.

_____/

Chapter 11

Case No. 1:12-bk-10431-KSJ

Adv. Pro. No. 1:13-ap-1006-KSJ

**DECLARATION OF RANDY LINDAUER IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT
AGAINST DEFENDANTS KIM B. BIRD AND TONY L.
PFAFF AND DECLARATION OF NONMILITARY SERVICE**

    1.    My name is Randy Lindauer. I am over 18 years old, am competent to make this affidavit, and have personal knowledge of the facts stated here.

    2.    I am the current chief executive officer of Cypress Health Systems Florida, Inc., the Debtor in the above-styled chapter 11 bankruptcy case filed in the Northern District of Florida.

# Exhibit 1

3.     I have reviewed the complaint (the "Complaint") filed in Adversary Proceeding No. 1:13-ap-1006-KSJ, *Cypress Health Systems Florida Inc., d/b/a Tri-County Hospital – Williston v. Kim B. Bird and Tony L. Pfaff.* The factual allegations set forth in the complaint are true to the best of my knowledge.

4.     The Complaint, along with a summons, was served on each of Kim B. Bird and Tony L. Pfaff (together, the "Defendants") by first class, U.S. mail, postage prepaid under Bankruptcy Rule 7004.

5.     The deadline to file a response to the Complaint was June 19, 2013, but neither of the Defendants sought an extension of time or filed a response to the Complaint.

6.     On July 12, 2013, a Clerk's Default was entered against the Defendants [Doc No. 15].

7.     To the best of my knowledge, neither of the Defendants served in the military at any time between May 20, 2013 and the date of this Declaration.

8.     This concludes my Declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED this ___ day of July, 2013.

_____, CEO
RANDY LINDAUER

2

Copies to:

Elena Paras Ketchum, Esquire
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street – Suite 200
Tampa, Florida 33602

Miriam G. Suarez, Esquire
Assistant United States Trustee
OFFICE OF UNITED STATES TRUSTEE
400 West Washington Street - Suite 1100
Orlando, Florida 32801

Kim Bird
4163 East 421 North
Rigby, Idaho 83442-5516

Tony Pfaff
791 Eastside Road
Deer Lodge, Montana 59722-9769

Tony Pfaff
c/o Eric N. McKay, Esquire
STUTSMAN THAMES & MARKEY, P.A.
50 North Laura Street – Suite 1600
Jacksonville, Florida 32202

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

In re:

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

    Debtor.
_____/

CYPRESS HEALTH SYSTEMS FLORIDA,
INC., d/b/a TRI COUNTY HOSPITAL –
WILLISTON, f/d/b/a NATURE COAST
REGIONAL HOSPITAL,

    Plaintiff,

    v.

KIM B. BIRD and TONY L. PFAFF,

    Defendants.
_____/

Chapter 11

Case No. 1:12-bk-10431-KSJ

Adv. Pro. No. 1:13-ap-1006-KSJ

**DEFAULT FINAL JUDGMENT**

THIS CAUSE came before the Court upon the Motion for Entry of Default Final

Judgment against Defendants Kim B. Bird and Tony L. Pfaff (the "**Motion for Entry of**

**Default Final Judgment**") filed by Plaintiff Cypress Health Systems Florida, Inc. in the

above-styled adversary proceeding.[1]  The Plaintiff has requested entry of a default final

_____

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed
to such terms in the Complaint filed in the above-referenced Adversary Proceeding.

# Exhibit 2

judgment and has filed, as **Exhibit 1** to the Motion for Entry of Default Final Judgment, a declaration in support of the allegations in the complaint and stating that neither defendant is in the military service. Furthermore, it appears from the record that neither defendant is an infant or incompetent person.  The Court having reviewed the Motion and the file, considered the matter and being otherwise fully advised,

> **ORDERS**:

1.    The Motion for Entry of Default Final Judgment against Defendants Kim B. Bird and Tony L. Pfaff is Granted.

2.    Default Final Judgment is hereby entered in favor of Plaintiff and against Defendants Kim B. Bird, 4163 East 421 North, Rigby, Idaho 83442-5516 and Tony L. Pfaff, 791 Eastside Road, Deer Lodge, Montana 59722-9769, on Counts I, II, III and IV of the Complaint, pursuant to §§ 544, 548, 550 and 363 of the Bankruptcy Code and Chapter 726, Florida Statutes.

3.    The Second Mortgage is validly released.

4.    The Second Mortgage is avoided as a fraudulent transfer.

5.    Any interests of claims under the Second Mortgage are avoided.

6.    Any claim in the Real Property is disallowed in its entirety.

7.    Defendants do not have a valid, perfected lien in any of the personal property assets of the Debtor.

8.    Any unperfected liens which may be asserted by the Defendants are avoided.

9.    The sale under the Sale Motion and the Plan is free and clear of the Second Mortgage and any interest of the Defendants.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on _____.

_____
Karen S. Jennemann
Chief United States Bankruptcy Judge

2

Copies to:

Elena Paras Ketchum, Esquire
STICHTER, RIEDEL, BLAIN & PROSSER, P.A.
110 Madison Street – Suite 200
Tampa, Florida 33602

Miriam G. Suarez, Esquire
Assistant United States Trustee
OFFICE OF UNITED STATES TRUSTEE
400 West Washington Street - Suite 1100
Orlando, Florida 32801

Kim Bird
4163 East 421 North
Rigby, Idaho 83442-5516

Tony Pfaff
791 Eastside Road
Deer Lodge, Montana 59722-9769

Tony Pfaff
c/o Eric N. McKay, Esquire
STUTSMAN THAMES & MARKEY, P.A.
50 North Laura Street – Suite 1600
Jacksonville, Florida 32202

3